# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SUZANNE W. COHEN<br>19723 Boca West Dr.<br>Unit #4151<br>Boca Raton, FL 33434 | CASE NO.<br><br>JUDGE: |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| CLEVELAND COMMERCE<br>CENTER, INC.<br>c/o Peter K. Garson, Statutory Agent<br>30325 Bainbridge Road, Suite A-1<br>Solon, OH 44123 | |
| PETER K. GARSON<br>31251 E. Landerwood Drive<br>Pepper Pike, OH 44124-5433 | |
| MICHAEL J. GARSON<br>28726 Gates Mills Blvd.<br>Pepper Pike, OH 44124 | |
| and | |
| MARJORIE GARSON<br>30325 Bainbridge Road, Suite A-1<br>Solon, OH 44123 | |
| Defendants. | |

## PARTIES

1. Defendant Cleveland Commerce Center, Inc. ("CCC") is a corporation organized under the laws of the State of Ohio, with its principal place of business located in the Northern District of Ohio, engaged in the business of owning and managing real estate.

2. Plaintiff, Suzanne W. Cohen ("Plaintiff") is a resident of the State of Florida, and is and was at the time of the matters herein complained of a shareholder of record of CCC.

3. On information and belief, Peter K. Garson, Michael J. Garson and Marjorie Garson (the "Directors") are, and at the time of the occurrence of the matters complained of herein were, members of the Board of Directors of CCC and are residents of the State of Ohio.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) (1) and (2) as the principal place of business of CCC is located and CCC transacts business in this judicial district, and the individual Defendants reside and transact business in this district. In addition, Defendants' conduct giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

6. The individual Directors serve as both the Directors and Officers of CCC.

7. In the performance of their duties as directors of CCC, the Directors have breached their fiduciary duties to CCC and its shareholders, grossly mismanaged CCC, committed fraud on CCC, and wasted CCC's corporate assets, through, among other things, self dealing and taking for themselves disproportionate benefits from the revenues of CCC, thereby

diverting revenue from CCC and the shareholders of CCC, as hereinafter more particularly set forth.

8. In the performance of their duties, the Directors manage real property owned by CCC.

9. On information and belief, the normal and accepted market rate for the management of real property is 4% to 5% of the gross revenue derived from said real property.

10. The Directors have taken for themselves, directly or through other companies that they control, by way of salary and management fees, amounts substantially above fair compensation for the services performed, which on knowledge and belief is approximately 25% of CCC's gross revenue, thereby improperly appropriating for themselves the revenue and assets of CCC.

11. The exorbitant amounts paid to the Directors, as salary and management fees, were made without notice to or approval of CCC's shareholders and without the formal recorded action of CCC's Board of Directors.

12. The Directors, without any formal recorded Board action, including, among other actions, obtained for themselves unsecured loans from CCC, without documentation of said loans and without providing for the payment of regular interest and the repayment of the principal.

13. Said unsecured loans from CCC to the Directors were made without notice to or the approval of CCC's shareholders.

14. The Directors and Peter K. Garson, in particular, have repeatedly used CCC's funds to invest in other businesses or entities, without formal recorded approval of CCC's Board of Directors or notice to or the approval of CCC's shareholders.

15. The aforesaid actions of the Directors have not been in the best interests of CCC or of the shareholders of CCC, but have disproportionately benefited themselves.

16. As the Officers and Directors of CCC, the Directors have failed to hold regular meetings and inform the shareholders of their actions, which were only discovered as the result of an investigation conducted by the Plaintiff.

## COUNT I
### Derivative Action

17. Plaintiff restates the allegations set forth in paragraphs 1 through 16 of this Verified Complaint as if fully rewritten herein.

18. This action is brought on behalf of CCC and all of its shareholders.

19. Plaintiff made written demand upon the present Board of Directors of CCC known to Plaintiff on November 20, 2007 to commence this action (the "Demand"). A copy of the Demand is attached hereto and marked as Exhibit A.

20. In response to the Demand the Directors have failed to take the action requested. The Directors offered only to take limited action involving only a limited period of years that would not recover for CCC all of its assets that have either been misused or misappropriated. Further, since the known Directors of CCC are also named Defendants herein, further notice and demand would be futile.

21. Plaintiff fairly and adequately represents the interests of shareholders similarly situated.

22. This action is not a collusive one to confer jurisdiction on this Court which it would not otherwise have.

23. The Directors have breached their fiduciary duties to CCC and its shareholders, grossly mismanaged CCC, committed fraud on CCC, and wasted CCC's corporate assets, by,

among other things, usurping business opportunities, diverting CCC's assets to themselves without compensating CCC for those assets, and mischaracterizing the nature of the payments made by CCC to the Directors.

24. By reason of the wrongful and illegal acts of the named Defendants, CCC and its shareholders have been damaged in a sum in excess of One Hundred Thousand Dollars ($100,000.00).

## COUNT II
### Breach of Fiduciary Duty by Majority Shareholders

25. Plaintiff restates the allegations set forth in paragraphs 1 through 24 of this Verified Complaint as if fully rewritten herein.

26. CCC is a close corporation.

27. The Directors, as majority shareholders of CCC, owed a heightened fiduciary duty to Plaintiff, a minority shareholder of CCC.

28. The Directors breached their fiduciary duties to Plaintiff by preventing Plaintiff from having an equal opportunity in CCC and giving themselves benefits which were not shared by Plaintiff, including, among other things:

   a. causing the payment of exorbitant and unauthorized salaries and management fees to themselves,

   b. obtaining payments from CCC as loans; and

   c. using CCC's assets for the Director's personal investments, in which CCC and Plaintiff had no interest.

29. The Directors' breaches of their fiduciary duties were intentional and performed with gross disregard for Plaintiff's rights, directed at diverting substantial assets of CCC to

themselves, without disclosure to Plaintiff, in an effort to deprive Plaintiff of her rights as a shareholder of CCC.

30. By reason of the Directors' breaches of their fiduciary duty, Plaintiff has been damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(1) An accounting of all amounts paid by CCC to the individual Defendants, whether by salary, benefits, fees or otherwise;

(2) An accounting of all loans made by CCC to the individual Defendants;

(3) An accounting of all investments made by or transfers of funds from CCC to any entity in which any of the individual Defendants have an interest or involvement;

(4) Judgment against said individual Defendants, jointly and severally, in the full amount determined to have been illegally and improperly obtained by them or for their benefit from the CCC, whether by compensation, loan, investment or otherwise, and an order that all said funds be paid and restored to CCC;

(5) Judgment in favor of Plaintiff against the Directors for compensatory damages relating to their breaches of their fiduciary duties to Plaintiff in an amount in excess of $75,000;

(6) Judgment in favor of Plaintiff against the Directors for punitive damages relating to their breaches of their fiduciary duties to Plaintiff in an amount in excess of $200,000;

(7) Interest from the date that each amount was received by any individual Defendant;

(8) Attorneys' fees;

(9)    Expenses and costs of this action; and

(10)   Such further and additional relief as the Court deems just and equitable in the premises.

                    /s/ Michael H. Diamant
                    Michael H. Diamant (0000119)
                    Mark R. Jacobs (0071228)
                    Kahn Kleinman, LPA
                    1301 East 9th Street, Suite 2600
                    Cleveland, Ohio 44114-1824
                    Phone:  216/696-3311; Fax:  216/523-4912
                    *mdiamant@kahnkleinman.com*
                    *mjacobs@kahnkleinman.com*
                    *Attorneys for Plaintiff*