DOWD, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| William R. Cohen, Trustee, et al., | ) | |
| | ) | CASE NO. 1:08 CV 702 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | AMENDED MEMORANDUM OPINION |
| | ) | |
| Cleveland Commerce Center, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, the Trust of Suzanne W. Cohen (plaintiff), pursues this shareholders action against defendants Cleveland Commerce Center, Inc. (CCC), Deborah Garson, Trustee, Michael Garson and Marjorie Garson. Defendants have filed a joint motion to dismiss plaintiff's derivative claims (ECF #40), plaintiff has opposed this motion (ECF #43), and defendants have replied (ECF #44). For the foregoing reasons, the Court GRANTS defendants' joint motion to dismiss plaintiff's derivative claims.

## I. FACTS

Plaintiff is the Trust of Suzanne W. Cohen.[1] CCC is an Ohio corporation that owns and manages real estate. (Complaint, para. 1.) Peter, Michael and Marjorie Garson are or were members of the Board of Directors of CCC. (Complaint, paragraphs 2 and 3.) At the time the complaint was filed, there were 181.5 shares of CCC. These were owned by Peter Garson (36.75

---

[1] Suzanne W. Cohen died in February 2009 and her two sons, co-trustees William and Thomas were substituted as plaintiff pursuant to this Court's order (ECF #41). For practical purposes, the Court uses "plaintiff" in portions of the case to mean plaintiff Suzanne W. Cohen when she was living.

(1:08 CV 702)

shares, or 20.25%), A.A. Welsh & Co. (Marjorie Garson's mother's trust) (106.5 shares, or 58.67%), Michael Garson (8.25 shares, or 4.55%), plaintiff Suzanne W. Cohen (10 shares, or 5.5%), the Lucille C. Shaw Trust (10 shares, or 5.5%) and non-plaintiff Suzanne Cohen (10 shares, or 5.5%).  (ECF #40, p. 6.)

Plaintiff Suzanne W. Cohen became the owner of her ten shares of CCC stock on January 2, 2002 upon transfer from her husband, Richard, after his death.  (ECF #40, p. 6.)[2]  Richard Cohen served as an officer and/or director of CCC from 1964 until 2000.  He received compensation, voted on matters of management fees and compensation to other officers and participated in various board decisions, including one to allow Marjorie Garson to assume a $50,000 debt from the estate of Robert Garson and to allow CCC to extend the due date of a $50,000 loan to Marjorie Garson.  (ECF #40, p. 8.)

On March 21, 2008, plaintiff Suzanne W. Cohen filed suit against CCC, Peter K. Garson,[3] Michael J. Garson, and Marjorie Garson alleging, among other claims, breach of fiduciary duty, mismanagement, fraud, and improper self-appropriation of revenue as relates to management fees, salaries and other benefits to the Garsons and Garson entities.

Count I of plaintiff's complaint is a derivative action brought "on behalf of CCC and all of its shareholders."  (Complaint, para. 18.)  Plaintiff claims that she "fairly and adequately

---

[2]Suzanne Cohen (not the plaintiff) obtained her shares in 1964 and the Lucille C. Shaw Trust was issued its shares on July 6, 2005.  (ECF #40, p. 6.)

[3]Peter K. Garson died on August 9, 2008.  (ECF # 26).  On February 2, 2009, the Court granted Peter Garson's counsel's motion to substitute Deborah Garson, Fiduciary, for Peter Garson as a defendant (ECF #36).  His shares of CCC were distributed to his heirs.  (ECF #40, p. 6.)

2

(1:08 CV 702)

represents the interests of shareholders similarly situated." (Complaint, para. 21.)  Count II of

the complaint is a direct action for breach of fiduciary duty by the majority shareholders.

(Complaint, paragraphs 25-30.)

On April 23, 2009 all defendants moved this Court to dismiss plaintiff's derivative action

(Count I).  Defendants provided sworn affidavits from the two other 5.5% shareholders.  (ECF

#40-4, affidavit of attorney Thomas Pillari, Trustee of the Lucille Shaw Trust, ECF #40-5;

affidavit of Suzanne Cohen.)  These 5.5% shareholders attested that plaintiff Suzanne W. Cohen

had never contacted them to seek permission to pursue derivative claims for them and that they

did not desire or authorize plaintiff Suzanne W. Cohen to pursue the derivative action.  (ECF

#40-4, paragraphs 7 and 8; ECF #40-5, paragraphs 6 and 7.)  They further stated in their

affidavits that they disagreed with the allegations plaintiff made, did not wish to be associated

with them, and did not consider plaintiff to adequately represent their interests as a shareholder

of CCC.[4]  Finally, the affidavit of the trustee of the Lucille Shaw Trust affidavit contained a

statement in favor of the compensation to CCC employees and expressing happiness with the

management and a belief that the compensation received was reasonable and appropriate.  (ECF

#40-4, p. 3).  Defendants further provided minutes from a CCC Board meetings during which

plaintiff had voted contrary to the other shareholders on certain resolutions.  (ECF #40-3, pp. 2,

21-22).[5]

---

[4]Pillari Affidavit, paragraphs 9 and 11; Cohen affidavit, paragraphs 8 and 9.

[5]Defendants also argued that plaintiff was not able to fairly and adequately represent the
other shareholders because she received "tainted shares" or shares from those who participated in
the actions about which she complains.  The court finds defendants are entitled to relief on

(continued...)

3

(1:08 CV 702)

## II. LAW AND ANALYSIS

### A.    Relief Sought

The relief defendants seek in this case is dismissal of count I of plaintiff's complaint,

presumably pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants attached exhibits, cited *supra*, to

the motion that were outside of the pleadings.  If, on a motion under Rule 12(b)(6), matters

outside the pleadings are presented to and not excluded by the court, the motion must be treated

as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).

### B.    Summary Judgment Standard

 Summary judgment is appropriate where there are no genuine issues of material fact and

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 .  When

considering a motion for summary judgment, "the inferences to be drawn from the underlying

facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions]

must be viewed in the light most favorable to the party opposing the motion.*"  U.S. v. Diebold,*

*Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation

or denials of his pleading, but must set forth specific facts showing that there is a genuine issue

for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The Rule requires the nonmoving party who has the burden of proof at trial to oppose a

proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule

56(c), except the mere pleadings themselves[.]" *Celotex Corp. V. Catrett,* 477 U.S. 317, 324

(1986).  General averments or conclusory allegations of an affidavit do not create specific fact

---

[5](...continued)
other grounds and therefore does not address the "tainted shares" argument.

4

(1:08 CV 702)

disputes for summary judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (citing *Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,* 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. At 251-52. *See also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

     C.     Derivative Shareholder Actions

(1:08 CV 702)

Actions brought by corporate shareholders to enforce a right that the corporation has

failed to enforce are governed by Fed. R. Civ. P. 23.1.  This rule requires, in pertinent part:

> **(a) Prerequisites.**  This rule applies when one or more shareholders . . . bring a
> derivative action to enforce a right that the corporation or association may
> properly assert but has failed to enforce.  The derivative action may not be
> maintained if it appears that the plaintiff does not fairly and adequately represent
> the interest of shareholders or members who are similarly situated in enforcing
> the right of the corporation or association.

Where shareholders offer "little more than conclusory remarks in support of their

allegation of inadequate representation," however, other evidence supporting community of

interest and absence of conflict of interest ensure that plaintiff will adequately serve the interest

of other shareholders.  *Granada Investments, Inc. v. DWG Corporation* 962 F.2d 1203 (6th Cir.

1992).  The burden is on the defendant to establish that the plaintiff is not an adequate

representative of the shareholders.  *Granada Investments, Inc. v. DWG Corp.*, 717 F. Supp. 533,

538 (N.D. Ohio 1989).

<u>The *Davis* Factors</u>

The Sixth Circuit has interpreted and applied Rule 23.1 to mean that a shareholder who

brings suit on a cause of action derived from the corporation ". . . sues not for himself alone, but

as representative of a class comprising all who are similarly situated."  *Davis v. Comed, Inc.,* 619

F.2d 588, 592 (6th Cir. 1980)(quoting *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 549-550

(1949)).  The rule requires integrity of the plaintiff and imposes due responsibility upon him.[6]

---

[6]As stated by the *Davis* court, "The interests of all in the redress of the wrongs are taken
into his hands, dependent upon his diligence, wisdom and integrity. . . .The Federal Constitution
does not oblige the state to place its litigating and adjudicating processes at the disposal of such a
representative, at least without imposing standards of responsibility, liability and accountability

(continued...)

(1:08 CV 702)

Several, oft-intertwined factors can lead the court to conclude the plaintiff does not meet the requirements of Rule 23.1, although a *strong showing of one way in which the plaintiff's interests are actually inimical* to those he is supposed to represent fairly and adequately will suffice. *Id.* (emphasis added).

Courts have evaluated the following elements:

1.      Economic antagonisms between representative and class;
2.      The remedy sought by plaintiff in the derivative action;
3.      Indications that the named plaintiff was not the driving force behind the litigation;
4.      Plaintiff's unfamiliarity with the litigation;
5.      Other litigation pending between the plaintiff and defendants;
6.      The relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself;
7.      Plaintiff's vindictiveness toward the defendants; and
8.      The *degree of support plaintiff was receiving from the shareholders* he purported to represent.

*Davis v. Comed*, 619 F.2d at 593-94 (emphasis added).

Courts have looked at the criteria used in class actions to determine whether plaintiff in a derivative action can adequately represent the other shareholders since both share the same concern for "fair and adequate representation."  *Efros v. Nationwide Corp.*, 98 F.R.D. 703, 706 (S.D.Ohio, 1983).  Criteria include whether any members of the other subclasses have indicated an interest in the suit by instituting independent suits of their own or whether they have indicated a desire to be represented by plaintiff.  *Davis* at 596 (citing *Guttmann v. Braemer,* 51 F.R.D. 537,

---

[6](...continued)
which it considers will protect the interest he elects himself to represent." *Davis*, 619 F.2d at 592.

(1:08 CV 702)

539 (S.D.N.Y. 1970)).[7]  For example, the court in *Efros* did not find the requisite "degree of support," (the eighth *Davis* factor), where plaintiff was "unaware of any stockholder who supported her position" and where no other stockholder brought an action similar to plaintiff's.  *Efros*, 98 F.R.D. at 708.  Further, in a case with ten shareholders and only one other shareholder besides plaintiff complained of the action taken, the plaintiff cannot be said to represent the interests of the non-complaining shareholders. *Goulder v. Luntz,* No. 2004 CA 00108, 2005 WL 66588 at *4 (Ohio Ct. App. Jan. 10, 2005).[8]

Plaintiff claims that defendants have not shown that her interests are inimical to the other shareholders' interests.  Plaintiff asserts both that her interests are fully aligned with the interests of CCC's other minority shareholders, and that "defendants admit" that the other minority shareholders are "not similarly situated with plaintiff." (ECF #43, p. 3).

In this case, however, there are several *Davis* factors leading the Court to conclude that plaintiff Suzanne W. Cohen can not fairly and adequately represent the interests of the other similarly situated shareholders as required by Rule 23.1.

<u>Support of Other Shareholders</u>

---

[7] *See also Nolen v. Shaw-Walker Company*, 449 F.2d 506, 507 (6th Cir. 1971)(Court considered that 79 of the company's 84 shareholders indicated that they did not wish the plaintiff to represent them and did not believe plaintiff would fairly and adequately represent their interests in the derivative action.)

[8]*See also Kuzmickey v. Dunmore Corp.*, 420 F. Supp. 226, 230-31 ( E.D. Pa. 1976)(where affidavit testimony revealed that no other shareholders shared plaintiff's dissatisfaction with the directors of the corporation, plaintiff was not similarly situated with them under Rule 23.1 for the purposes of representing them)

(1:08 CV 702)

 The Court's attention is drawn to a "strong showing of one way in which the plaintiff's interests are actually inimical" to the other shareholders plaintiff is supposed to fairly and adequately represent.  *Davis v. Comed*, 619 F.2d at 593.  This is the similarly situated shareholders' lack of confidence in and unwillingness to have plaintiff represent them, or to participate in the action.  This is demonstrated by the Pillari affidavit (on behalf of the Lucille Shaw Trust) and non-plaintiff Suzanne Cohen.  Their testimony that they disagreed with the allegations plaintiff made, did not wish to be associated with them, and did not consider plaintiff to adequately represent their interests as a shareholder of CCC is sufficient evidence that plaintiff is receiving no degree of support from other shareholders.  *Davis* at 594.  Likewise, no other similarly situated stockholders support plaintiff's position and no other similarly situated stockholders brought an action similar to plaintiff's.  *Efros*, 98 F.R.D. at 708.  The Court is not merely relying on "conclusory remarks" of inadequate representation.  *Granada Investments, Inc v. DWG*, 717 F. Supp. at 1209.  The testimony in the affidavits, cited above, supports that plaintiff's interests are inimical to the other shareholders.  *Davis*, 619 F.2d at 593.

<u>Economic and Other Antagonism</u>

 Plaintiff argues that she adequately represents the other shareholders' interests because there is no antagonism, economic or otherwise, as evidenced by identical equity interests (each owns 10 shares) and mere difference of opinion on corporate governance issues regarding the "no" votes at shareholders meetings.  (ECF #43, pp. 5-7).  The Court disagrees.  Antagonism is evident in the affidavit testimony of the other shareholders and plaintiff's past voting behavior.  Therefore, plaintiff cannot show a lack of antagonism supports her similarity in circumstance

9

(1:08 CV 702)

with the other shareholders.  *Davis* at 593.  *See also Efros v. Nationwide Corp.*, 98 F.R.D. at 708-09.

        D. Class of One

        There are some fact situations in which it is proper that a sole shareholder pursues an action.  "There may indeed be a legitimate class of one in derivative lawsuits."  *HER, Inc. v. Parenteau*, 770 N.E.2d 105, 113-14 (Ohio Ct. App. 2002).  But this will depend on the facts presented in the case.  Relying on *Halsted Video, Inc. v. Guttillo*, 115 F.R.D. 177, 180 (N.D. Ill. 1987), plaintiff argues that whether she is similarly situated with the other shareholders is of no consequence and cannot support the dismissal of the derivative claim because *Halsted* supports that a single shareholder can legitimately maintain a derivative action.  The facts in this case are distinguishable from *Halsted* and Plaintiff's reliance on thereon is misplaced.

        In *Halsted,* plaintiff brought a derivative action against four corporate officers and its accountant for fraud, breach of fiduciary duty and other claims.  There were 100 shares of outstanding stock of which plaintiff owned 20 share and the four officers each owned 20 shares.  Defendants claimed plaintiff could not fairly and adequately maintain represent the other shareholders because plaintiff named them all as defendants.  The court disagreed, finding "the true measure of adequacy of representation under Rule 23.1 is not how many shareholders the plaintiff represents but rather how well the representative advances the interests of similarly situated shareholders."  *Halsted* at 179.  In this case, however, there are two other similarly situated shareholders who are **not** defendants and who have stated affirmatively that plaintiff is **not** advancing their interests.  Therefore, *Halsted* is inapplicable here.

(1:08 CV 702)

Similarly, in the case of *Kuzmickey v. Dunmore Corp.*, 420 F. Supp. 226, 230-31 ( E.D. Pa. 1976), plaintiff claimed that she fairly and adequately represented the interests of similarly situated stockholders .  However, the individual defendants submitted affidavits of the remaining six non-defendant shareholders, each of whom contended that the plaintiff did not represent their interest and that the suit was not brought in the best interest of the corporation.

The court held that the affidavits made it readily apparent that plaintiff did not represent anyone but herself since there were no other shareholders who were dissatisfied with the actions of the officers and directors of the company.   The Court concluded, "While I recognize it is not necessary in a derivative action that the plaintiff have the support of all the minority shareholders, *see, e. g. Nolen v. Shaw-Walker Co.*, 449 F.2d 506, 508 n.4 (6th Cir. 1971), here plaintiff has no support at all."  *Kuzmickey,* 420 F. Supp at 231.  Likewise, in this case, similarly situated shareholders have submitted affidavits that plaintiff does not represent their interests, is not acting in the best interest of the corporation and that they are not dissatisfied with CCC.[9] Therefore, plaintiff cannot assert she may properly proceed in this case as a class of one.

---

[9]*See also Efros v. Nationwide Corp.,* 98 F.R.D. at 708 (that plaintiff is virtually alone in her venture against a corporation weighs heavily in favor of a denial of certification); *Goulder v. Luntz, supra* at *4 (plaintiff who opposed corporate action settling a matter cannot fairly and adequately represent the interests of similarly situated shareholders who approved the settlement.)

(1:08 CV 702)

      E.        Plaintiff is  Not Without a Remedy

      The Court's decision that plaintiff is unsuitable as a representative for her derivative action does not leave her without a remedy.  Plaintiff is still able to pursue the claims in count II of her complaint alleging breach of fiduciary duty by the majority shareholders.

IV.  CONCLUSION

      For these reasons, the Court GRANTS defendants joint motion for summary judgment on count I of plaintiff's complaint.

      IT IS SO ORDERED.

  July 8,  2009                         *S/ David D. Dowd, Jr.*
Date                                    David D. Dowd, Jr.
                                            U.S. District Judge